FILED
AT ALBUQUERQUE NM

DEC 2 0 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

                              No. CV 00-1496 JP/WWD
                              CR 98-150 JP

RICHARD W. BUTTON,

    Defendant-Petitioner.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's petition for writ of habeas corpus under 28 U.S.C. § 2241. Defendant is represented by counsel. He is confined at FCI La Tuna under judgments of conviction in two proceedings styled *United States v. Button*, No. CR 97-304 LH (firearms), and No. CR 98-150 JP (conspiracy). Both judgments followed plea agreements. The firearms judgment was entered November 19, 1997, and Defendant began serving a 30-month sentence January 18, 1998. The 120-month sentence in the instant proceeding was imposed March 30, 1999, and judgment was entered April 15, 1999. According to the judgment in No. 98-150 JC, the 120-month sentence was "to run concurrent to criminal cause 97-304 LH." Defendant asserts that the Bureau of Prisons is violating the judgment in No. 98-150 JC by refusing to deduct from his sentence all the time served on the earlier conviction. He seeks an order declaring that both of his sentences "commenced to run on January 18, 1998 and not on March 30, 1999."

The Court has no authority to grant Defendant's request for an amended judgment. After a judgment of conviction is entered, the Court's authority to modify a sentence is limited to specific statutory authorization, *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999), and

Defendant does not assert a statutory basis other than § 2241. Even if construed under 28 U.S.C. § 2255, as Plaintiff suggests, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), the motion was filed more than one year after Defendant's conviction became final and is barred as untimely under § 2255. The relief sought must be denied.

The motion is properly construed under § 2241 as seeking credit for time served. Plaintiff correctly argues that this Court may not consider Defendant's petition under § 2241. As stated recently by the Court of Appeals for the Tenth Circuit, a district court does not have jurisdiction of a petition under § 2241 unless the petitioner is confined in the same district. *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999); *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (§ 2241 petition "must be filed in the district where the petitioner is confined."). The Court takes judicial notice that FCI La Tuna is located within the boundaries of the Western District of Texas. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Defendant's claims under § 2241 will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant's petition under 28 U.S.C. § 2241 is DISMISSED without prejudice to Defendant's right to pursue his claims in an appropriate forum, and this civil proceeding are DISMISSED.

*[signature]*
UNITED STATES DISTRICT JUDGE